Joshua Trigsted (13126)
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MELISSA OLSEN, <br><br> Plaintiff, <br><br> v. <br><br> BONNEVILLE BILLING AND COLLECTIONS, INC., <br><br> Defendant. | **COMPLAINT** <br><br><br> Case no: 1:10-cv-00215-SA <br><br><br> **JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3. Plaintiff, Melissa Olsen ("Plaintiff"), is a natural person residing in Weber

1

County, Utah.

4. Defendant, Bonneville Billing and Collections, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party, Plaintiff's parents, without such information being expressly requested (§ 1692b(1) & § 1692c(b));

10. Disclosing to a third party, Plaintiff's parents, the existence of the debt allegedly owed by Plaintiff (§ 1692b(2) & § 1692c(b));

11. Communicating with a single third party more than once, Plaintiff's parents, in connection with an attempt to collect an alleged debt from Plaintiff (§ 1692b(3) & § 1692c(b));

12. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including calling Plaintiff's parents repeatedly and attempting to coerce Plaintiff's parents into paying the debt (§ 1692d));

13. Overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period, including threatening to take legal action against Plaintiff during the 30-day dispute period, while failing to explain to Plaintiff the ramifications of the threatened legal actions with respect to her right to dispute the debt (1692g(b));

14. Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof, including failing to state the identity of the current creditor in the initial letter to Plaintiff. Plaintiff is still unaware who the current creditor is for the debt (§ 1692g(a)).

15. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

16. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

17. Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

18. To the extent Defendant's actions, detailed in paragraphs 8-14, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates by reference all of the preceding paragraphs.

20. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692b(1)(2)(3), 1692d, 1692c(b), 1692g(a) & 1692g(b). .

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Dated this 13th day of December, 2010.

TRIGSTED LAW GROUP, P.C.

Joshua Trigsted
*Attorney for the Plaintiff*

**PLAINTIFF'S ADDRESS**
Washington Terrace, UT

4